Paul S. Aronzon(CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:     (213) 892-4000
Facsimile:     (213) 629-5063

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:     (775) 823-2900
Facsimile:     (775) 823-2929
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

GV RANCH STATION, INC.

Chapter 11

Case No. BK-10-50381

**GLOBAL NOTES AND STATEMENTS OF LIMITATION, METHODLOGY AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES; ALONG WITH RESERVATIONS OF RIGHTS**

To: THE HONORABLE GREGG ZIVE, UNITED STATES BANKRUPTCY JUDGE; THE

OFFICE OF THE UNITED STATES TRUSTEE AND ALL PARTIES IN INTEREST:

GV Ranch Station, Inc. ("GV Ranch") the debtor and debtor in possession in the above-

captioned chapter 11 case (the "Case"), pursuant 11 U.S.C. § 521, Rule 1007 of the Federal

Rules of Bankruptcy Procedure (the "FRBP"), the United States Trustee Guidelines for Region

17 (the "Guidelines"), hereby set forth the following Global Notes and Statements of

Limitations, Methodology and Disclaimer Regarding Debtor's Schedules of Assets and

Liabilities; Along with Reservations of Rights (the "Global Notes").

## PRELIMINARY STATEMENT

The Schedules of Assets and Liabilities and Statements of Financial Affairs (the

"Schedules and Statements") filed herewith by the Debtor were prepared pursuant to 11 U.S.C. § 521 and FRBP Rule 1007 by Debtor's management, with the assistance of the Debtor's employees and proposed professionals, and are unaudited.

While the Debtor's management has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, inadvertent errors or omissions may have occurred. The Schedules and Statements remain subject to further review and verification by the Debtor. Subsequent information may result in material changes in financial and other data contained in the Schedules and Statements.

The Debtor filed its bankruptcy petition on February 10, 2010. Therefore all asset and liability values are as of the close of business February 10, 2010 unless otherwise noted.

The Debtor used its best efforts to compile the information set forth in the Schedules and Statements from its books and records maintained in the ordinary course of its businesses. The Debtor reserves its right to amend its Schedules and Statements from time to time as may be necessary or appropriate.

These Global Notes are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

1.  Basis of Presentation. For financial reporting purposes, the Debtor prepares financial statements, which include stand-alone information related to its equity ownership in its subsidiary. In turn, the Debtor's financial results are incorporated into the financial reporting of its parent company, Station Casinos, Inc., which in the past have been filed with the United States Securities and Exchange Commission (the "SEC"), audited annually and reviewed quarterly. The Schedules and Statements are unaudited and reflect the Debtor's best efforts to report the assets and liabilities of the Debtor on an unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to fully reconcile to the financial statements.

2.  Summary of Significant Reporting Policies. The Schedules and Statements have

been signed by Thomas M. Friel, Senior Vice President and Treasurer.  In reviewing and signing the Schedules and Statements, Mr. Friel has necessarily relied upon the efforts, statements and representations of the accounting and non-accounting personnel located at GV Ranch's headquarters.  Mr. Friel has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.  The Debtor made its best effort to report asset, liability, disbursement and other information on each appropriate Schedule and Statement.  However, the following qualifications and limitations apply to each of Debtor's Schedules and Statements:

a.    Reporting Date.  Unless otherwise noted, asset and liability values are reported as of the close of business February 10, 2010.

b.    Net Book Value.  It would be cost prohibitive and unduly burdensome to obtain current market valuations of the Debtor's property interests.  Accordingly, unless otherwise indicated, net book values, as of February 10, 2010, rather than current market values of the Debtor's interest in property, are reflected on the Debtor's Schedules.  The Debtor's assets are presented, in detail, as they appear on the Debtor's accounting sub-ledgers.  As such, the detail includes error corrections and value adjustments (shown as negative values or multiple line items for an individual asset ID).

c.    Causes of Action.  The Debtor has not set forth all causes of action against all third parties as assets in its Schedules and Statements.  The Debtor reserves all of its rights with respect to any causes of action that it may have, and neither these Global Notes nor the Schedules and Statements are intended to be and shall not be deemed a waiver of any such causes of action or of the right to amend the Schedule and Statement.

d.    Schedule D:

i.    Except as otherwise agreed pursuant to a stipulation or agreed order or any other final order entered by the Bankruptcy Court, the Debtor reserves its rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.  Moreover, although the Debtor may have scheduled claims of various creditors as secured claims, the

Debtor reserves all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction, or any document or instrument related to such creditor's claim provided such reservation is not inconsistent with any final order entered by the Bankruptcy Court.

ii.     In certain instances, the Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to claims against other companies.  No claim set forth on Schedule D of the Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged, in whole or part, by other entities.  The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Holders of secured claims by virtue of holding setoff rights against the Debtor are not included on Schedule D.

iii.     Lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D.

iv.     The Debtor has only included liens filed as of the Petition Date on Schedule D.  Certain parties may be entitled to and may have filed liens postpetition, that relate back to the date of first work which may be prepetition.

v.     In some cases, liens were filed naming multiple companies.  To the extent that the Debtor was a named party, the Debtor has scheduled liens filed on the Schedule D as contingent, unliquidated, and disputed.

e.     <u>Schedule F</u>.  In certain instances, the Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to claims of other companies, and no claim set forth on Schedule F of the Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule F are intended only to be a summary.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  The claims of individual creditors for, among other things, merchandise, goods, services or taxes are listed at the amounts

listed on the Debtor's books and records and may not reflect credits or allowances due from such creditor. The Debtor reserves all of its rights respecting such credits and allowances. The dollar amounts listed may be exclusive of contingent and unliquidated amounts. The Debtor expressly incorporates by reference into Schedule F all parties to pending and potential pending litigation listed in the Debtor's Statements as contingent, unliquidated and disputed claims to the extent not already listed on Schedule F. All parties to executory contracts, including those listed on Schedule G, are holders of contingent and unliquidated unsecured claims arising from (i) obligations under those executory contracts and/or (ii) rejection damages in the event that such executory contract is rejected. Not all such claims are duplicated on Schedule F.

  f. <u>Schedule G:</u>

    i. The business of the Debtor is complex. While every effort has been made to ensure the accuracy of the Schedule of Executory Contracts, inadvertent errors or omissions may have occurred. The Debtor hereby reserves all of its rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and the right to amend or supplement such Schedule as necessary.

    ii. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements that may not be listed therein.

    iii. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or valid and enforceable. The Debtor reserves all of its rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G.

    g. <u>Dates of Incurred Claims</u>. The claims listed in Schedules D, E, and F were incurred on various dates. A determination of the date upon which each claim was incurred would be unduly burdensome and cost prohibitive.

  3. <u>Claims</u>. The Debtor's Schedules list creditors and set forth the Debtor's estimate of the number of claims of creditors as of the close of business on February 10, 2010.

4.      <u>Disputed, Contingent, and/or Unliquidated Claims</u>.  Schedules D, E, and F permit the Debtor to designate a claim as disputed, contingent, and/or unliquidated.  A failure to designate a claim on any of these schedules as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection or that such claim in or should be allowed.  The Debtor reserves the right to dispute, or assert offsets or defenses to any claim reflected on these Schedules as to nature, amount, liability, or status or to otherwise subsequently designate any claim as disputed, contingent or unliquidated.

5.      <u>Global Notes Control</u>.  In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

6.      <u>Reservation of Rights</u>.  Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any of the Debtor's rights or an admission with respect to its chapter 11 cases, including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of the Bankruptcy Code and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

7.      <u>Amendments.</u>  The Debtor reserves the right to amend the Schedules and Statements in all respects at any time as may be necessary or appropriate, including without limitation, (a) to assert offsets or defenses to any claim, (b) to amend the amount, liability, or classification of any claim, or (c) to otherwise designate any claim as contingent, unliquidated or disputed.  Any failure to designate a claim as contingent, unliquidated, or disputed does not constitute an admission by the Debtor that such claim is not contingent, unliquidated, or disputed.

**\*\*\*END OF GLOBAL NOTES\*\*\***
**\*\*SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE\*\***

Paul S. Aronzon(CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:        (213) 892-4000
Facsimile:        (213) 629-5063

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:        (775) 823-2900
Facsimile:        (775) 823-2929
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re: GV RANCH STATION, INC.<br><br><br>Debtor. | Chapter 11<br><br>Case No. BK-10-50381-gwz |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the Debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities."

| Name of Schedule | Attached Y/N | Number of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A. Real Property | Y | 1 | $- | | |
| B. Personal Property | Y | 8 | $144,220,709.28 | | |
| C. Property Claimed as Exempt | N | | | | |
| D. Creditors Holding Secured Claims | Y | 1 | | $1,644,012,761.37 | |
| E. Creditors Holding Unsecured Priority Claims | Y | 2 | | $- | |
| F. Creditors Holding Unsecured Non-Priority Claims | Y | 1 | | $7,520,996.29 | |
| G. Executory Contracts and Unexpired Leases | Y | 3 | | | |
| H. Co-Debtors | Y | 4 | | | |
| I. Current Income of Debtor | N | | | | |
| J. Current Expenditures of Debtor | N | | | | |
| Total number of sheets, all schedules: | | 20 | | | |
| Total Assets: | | | $144,220,709.28 | | |
| Total Liabilities: | | | | $1,651,533,757.66 | |

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the Debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtors have a life estate. Include any property in which the debtor holds rights and powers exercisable for the Debtor's own benefit. If the Debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

| LOCATION AND DESCRIPTION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT COST OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | | |

1

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the Debtor of whatever kind. If the Debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H","W","J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the Debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the Debtor by someone else, state that person's name and address under "Description and Location of Property." In providing the information requested in this Schedule, do not include the name or address of a minor child. Simply state "a minor child."

It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtor's personal property interests. Accordingly, the values set forth herein are net book values as of the Petition Date rather than current market values.

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings, or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords and others. | X | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment. | X | | | |
| 5. Books, pictures, and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles | X | | | |
| 6. Wearing apparel. | X | | | |

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interest in insurance policies. Name insurance company and each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars.  (File separately the records of any such interest(s).  11 U.S.C. 521(c); Rule 1007(b). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | SEE EXHIBIT B-13 | | $3,834,386.93 |
| 14. Interests in partnerships or joint ventures. Itemize. | | SEE EXHIBIT B-13 | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts Receivable | | SEE EXHIBIT B-16 | | $57,145,243.35 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |

2

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and noncontingent unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. 101 (41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family or household purposes. | | SEE EXHIBIT B-24 | H | |
| 25. Automobiles, trucks, trailers, and other vehicles or accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |

3

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 28. Office equipment, furnishings and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops-growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | SEE EXHIBIT B-35 | | $83,241,079.00 |

**Total Asset Value:**

**$144,220,709.28**

# SCHEDULE B - PERSONAL PROPERTY
## EXHIBIT B-13
### STOCKS AND INTEREST IN INCORPORATED AND UN-INCORPORATED BUSINESSES

| ENTITY | DESCRIPTION OF PROPERTY | ADDRESS | PERCENT OF OWNERSHIP | AMOUNT |
|---|---|---|---|---|
| Green Valley Ranch Gaming, LLC | 50% LLC Interest in Subsidiary | 1505 S. Pavilion Center Drive<br>Las Vegas, Nevada  89135 | 50% | $3,834,386.93 |
| | | | TOTAL: | $3,834,386.93 |

# SCHEDULE B - PERSONAL PROPERTY
## EXHIBIT B-16
### ACCOUNTS RECEIVABLE

| TYPE OF RECEIVABLE | DESCRIPTION OF RECEIVABLE | NET BOOK VALUE |
|---|---|---|
| Due from Green Valley Ranch Gaming, LLC | Interest Receivable | $288,161.20 |
| Due from Green Valley Ranch Gaming, LLC | Note Receivable | $5,000,000.00 |
| Due from Green Valley Ranch Gaming, LLC | Intercompany | $3,353,918.30 |
| Due from Station Casinos, Inc., Chapter 11 Debtor, Case # 09-52477-gwz | Intercompany | $48,503,163.85 |
| | **TOTAL:** | **$57,145,243.35** |

Case 10-50381-gwz    Doc 39    Entered 02/25/10 12:50:20    Page 16 of 29

## SCHEDULE B - PERSONAL PROPERTY
### EXHIBIT B-24
### CUSTOMER LISTS OR OTHER COMPILATIONS CONTAINING PERSONAL INFORMATION

| CUSTOMER NAME | ACCOUNT NUMBER |
|---|---|
| The customer list contains confidential commercial information. Pursuant to 11 U.S.C. § 107(b), the list will not be included in the schedules of assets. | |

# SCHEDULE B - PERSONAL PROPERTY
## EXHIBIT B-35
## OTHER PERSONAL PROPERTY OF ANY KIND NOT ALREADY LISTED - ITEMIZE

| DESCRIPTION OF PROPERTY | ADDRESS OF PROPERTY | NET BOOK VALUE |
|---|---|---|
| L-T Deferred Tax Assets | 1505 S. Pavilion Center Drive<br>Las Vegas, NV 89135 | $2,593,148.00 |
| Management Contract with Green Valley Ranch Gaming, LLC | 1505 S. Pavilion Center Drive<br>Las Vegas, NV 89135 | $80,647,931.00 |
| | GRAND TOTAL: | $83,241,079.00 |

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the Debtor as of the date of filing of the petition. The complete account number of any account the Debtor has with the creditor is useful to the trustee and creditor and maybe provided if the Debtor choses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H","W","J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule D in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐ Check this box if Debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN AND DESCRIPTION OF MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | D I S P U T E D | U N L I Q U I D A T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT NO. -<br><br>10002368-10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 | X | | SECURED DEBT<br><br>Term and Revolving Credit | | X | | PRINCIPAL<br>874,486,586.15<br>INTEREST<br>2,482,227.19<br><br>$876,968,813.34 | UNKNOWN |
| ACCT NO. -<br><br>10002358-10001224<br>WELLS FARGO AS ADMIN AGENT<br>45 BROADWAY<br>14TH FLOOR<br>NEW YORK, NY 10006 | X | | SECURED DEBT<br><br>Term Credit (1st/2nd Liens) - Debtor guarantees subsidiary debt to the extent of equity value in subsidiary | | | | PRINCIPAL<br>764,875,000.00<br>INTEREST<br>2,168,948.03<br><br>$767,043,948.03 | UNKNOWN |
| | | | | | | Total: | $1,644,012,761.37 | UNKNOWN |

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the Debtor or the property of the Debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the Debtor has with the creditor is useful to the trustee and the creditor and may be provided if the Debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them or the marital community may be liable on each claim by placing an "H","W","J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule.  Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule.  Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[X]   Check this box if the Debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (check the appropriate box(es) below if claims in that category are included on the attached sheets)

[ ]   Domestic Support Obligations

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the Debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ]   Extensions of credit in an involuntary case

Claims arising in the ordinary course of the debtors business or official affairs after the commencement of the case but before the earlier appointment of a trustee or the order for relief. 11 U.S.C § 507 (a)(3).

[ ]   Wages, salaries, and commissions

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives, up to $10,950 per person, earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C § 507 (a)(4).

1

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Contributions to employee benefit plans

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507 (a)(5).

☐ Certain farmers and fisherman

Claims of certain farmers or fisherman, up to a maximum of $5,400 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507 (a)(6).

☐ Deposits by individuals

Claims of individuals up to a maximum of $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family or household use, that were not delivered or provided. 11 U.S.C. § 507 (a)(7).

☐ Taxes and Certain Other Debts Owed to Governmental Units

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507 (a)(8).

☐ Commitments to Maintain the Capital of an Insured Depository Institution

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ Claims for Death or Personal Injury While Debtor Was Intoxicated

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

# SCHEDULE F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the Debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H","W","J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule F in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐ Check this box if Debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED, NATURE OF LIEN AND DESCRIPTION OF MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | DISPUTED | UNLIQUIDATED | TOTAL AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Acct No. -<br><br>10002361 - 10001228<br>GREEN VALLEY RANCH GAMING, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | | | UNSECURED DEBT<br><br>Potential Avoidance of Dividend - up to approximately $180,000,000 | X | X | X | UNKNOWN |
| Acct No. -<br><br>10002403 - 10001226<br>STATION CASINOS INC., CHAPTER 11 DEBTOR, CASE # 09-52477-GWZ<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | | | UNSECURED DEBT<br><br>Drop Down Loan | | | | $6,386,886.71 |
| Acct No. -<br><br>10002360 - 10001227<br>VISTA HOLDINGS, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | | | UNSECURED DEBT<br><br>Note Payable | | | | $1,134,109.58 |
| | | | | | | TOTAL: | $7,520,996.29 |

1

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐ Check this box if Debtor has no Executory Contracts or Unexpired Leases

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| 10002367 - 10001282<br>BANK OF AMERICA, N.A.<br>AGENCY MANAGEMENT<br>901 MAIN STREET, 14TH FLOOR<br>MAIL CODE: TX1-492-14-11<br>DALLAS, TX 95202-3714 | TYPE: CREDIT AGREEMENT<br>DATE: 16-FEB-07<br>NATURE OF INTEREST: Pledgor<br>REAL PROPERTY (Y/N): N<br>DESCRIPTION: First Lien Credit Agreement |
| 10002367 - 10001286<br>BANK OF AMERICA, N.A.<br>AGENCY MANAGEMENT<br>901 MAIN STREET, 14TH FLOOR<br>MAIL CODE: TX1-492-14-11<br>DALLAS, TX 95202-3714 | TYPE: CREDIT AGREEMENT<br>DATE: 16-FEB-07<br>NATURE OF INTEREST: Pledgor<br>REAL PROPERTY (Y/N): N<br>DESCRIPTION: Second Lien Credit Agreement |
| 10002362 - 10001233<br>GCR GAMING, LLC<br>LARRY LINDHOLM<br>901 N. GREEN VALLEY PARKWAY, #210<br>HENDERSON, NV 89074 | TYPE: OPERATING AGREEMENT<br>DATE: 17-SEP-01<br>NATURE OF INTEREST: Party to Contract<br>REAL PROPERTY (Y/N): N<br>DESCRIPTION: First Amendment to Operating Agreement Green Valley Ranch Gaming, LLC |
| 10002362 - 10001276<br>GCR GAMING, LLC<br>LARRY LINDHOLM<br>901 N. GREEN VALLEY PARKWAY, #210<br>HENDERSON, NV 89074 | TYPE: OPERATING AGREEMENT<br>DATE: 19-DEC-03<br>NATURE OF INTEREST: Party to Contract<br>REAL PROPERTY (Y/N): N<br>DESCRIPTION: Second Amendment to Operating Agreement Green Valley Ranch Gaming, LLC |
| 10002362 - 10001284<br>GCR GAMING, LLC<br>LARRY LINDHOLM<br>901 N. GREEN VALLEY PARKWAY, #210<br>HENDERSON, NV 89074 | TYPE: CREDIT AGREEMENT<br>DATE: 16-FEB-07<br>NATURE OF INTEREST: Pledgor<br>REAL PROPERTY (Y/N): N<br>DESCRIPTION: First Lien Credit Agreement |
| 10002362 - 10001288<br>GCR GAMING, LLC<br>LARRY LINDHOLM<br>901 N. GREEN VALLEY PARKWAY, #210<br>HENDERSON, NV 89074 | TYPE: CREDIT AGREEMENT<br>DATE: 16-FEB-07<br>NATURE OF INTEREST: Pledgor<br>REAL PROPERTY (Y/N): N<br>DESCRIPTION: Second Lien Credit Agreement |
| 10002362 - 10001279<br>GCR GAMING, LLC<br>LARRY LINDHOLM<br>901 N. GREEN VALLEY PARKWAY, #210<br>HENDERSON, NV 89074 | TYPE: OPERATING AGREEMENT<br>DATE: 17-DEC-04<br>NATURE OF INTEREST: Party to Contract<br>REAL PROPERTY (Y/N): N<br>DESCRIPTION: Third Amendment to Operating Agreement Green Valley Ranch Gaming, LLC |
| 10002362 - 10001230<br>GCR GAMING, LLC<br>LARRY LINDHOLM<br>901 N. GREEN VALLEY PARKWAY, #210<br>HENDERSON, NV 89074 | TYPE: OPERATING AGREEMENT<br>DATE: 10-MAR-00<br>NATURE OF INTEREST: Party to Contract<br>REAL PROPERTY (Y/N): N<br>DESCRIPTION: Operating Agreement Green Valley Ranch Gaming, LLC |

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| 10002361 - 10001235<br>GREEN VALLEY RANCH GAMING, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | TYPE: OPERATING AGREEMENT<br>DATE: 19-DEC-03<br>NATURE OF INTEREST: Party to Contract<br>REAL PROPERTY (Y/N): N<br>DESCRIPTION: Second Amendment to Operating Agreement Green Valley Ranch Gaming, LLC |
| 10002361 - 10001278<br>GREEN VALLEY RANCH GAMING, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | TYPE: OPERATING AGREEMENT<br>DATE: 17-DEC-04<br>NATURE OF INTEREST: Party to Contract<br>REAL PROPERTY (Y/N): N<br>DESCRIPTION: Third Amendment to Operating Agreement Green Valley Ranch Gaming, LLC |
| 10002361 - 10001281<br>GREEN VALLEY RANCH GAMING, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | TYPE: CREDIT AGREEMENT<br>DATE: 16-FEB-07<br>NATURE OF INTEREST: Pledgor<br>REAL PROPERTY (Y/N): N<br>DESCRIPTION: First Lien Credit Agreement |
| 10002361 - 10001285<br>GREEN VALLEY RANCH GAMING, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | TYPE: CREDIT AGREEMENT<br>DATE: 16-FEB-07<br>NATURE OF INTEREST: Pledgor<br>REAL PROPERTY (Y/N): N<br>DESCRIPTION: Second Lien Credit Agreement |
| 10002361 - 10001229<br>GREEN VALLEY RANCH GAMING, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | TYPE: OPERATING AGREEMENT<br>DATE: 10-MAR-00<br>NATURE OF INTEREST: Party to Contract<br>REAL PROPERTY (Y/N): N<br>DESCRIPTION: Operating Agreement Green Valley Ranch Gaming, LLC |
| 10002361 - 10001232<br>GREEN VALLEY RANCH GAMING, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | TYPE: OPERATING AGREEMENT<br>DATE: 17-SEP-01<br>NATURE OF INTEREST: Party to Contract<br>REAL PROPERTY (Y/N): N<br>DESCRIPTION: First Amendment to Operating Agreement Green Valley Ranch Gaming, LLC |
| 10002402 - 10001277<br>STATION CASINOS, INC., CHAPTER 11 DEBTOR, CASE #<br>09-52477-GWZ<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | TYPE: OPERATING AGREEMENT<br>DATE: 19-DEC-03<br>NATURE OF INTEREST: Party to Contract<br>REAL PROPERTY (Y/N): N<br>DESCRIPTION: Second Amendment to Operating Agreement Green Valley Ranch Gaming, LLC |
| 10002402 - 10001280<br>STATION CASINOS, INC., CHAPTER 11 DEBTOR, CASE #<br>09-52477-GWZ<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | TYPE: OPERATING AGREEMENT<br>DATE: 17-DEC-04<br>NATURE OF INTEREST: Party to Contract<br>REAL PROPERTY (Y/N): N<br>DESCRIPTION: Third Amendment to Operating Agreement Green Valley Ranch Gaming, LLC |
| 10002402 - 10001231<br>STATION CASINOS, INC., CHAPTER 11 DEBTOR, CASE #<br>09-52477-GWZ<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | TYPE: OPERATING AGREEMENT<br>DATE: 10-MAR-00<br>NATURE OF INTEREST: Party to Contract<br>REAL PROPERTY (Y/N): N<br>DESCRIPTION: Operating Agreement Green Valley Ranch Gaming, LLC |

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| 10002402 - 10001234<br>STATION CASINOS, INC., CHAPTER 11 DEBTOR, CASE # 09-52477-GWZ<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | TYPE: OPERATING AGREEMENT<br>DATE: 17-SEP-01<br>NATURE OF INTEREST: Party to Contract<br>REAL PROPERTY (Y/N): N<br>DESCRIPTION: First Amendment to Operating Agreement Green Valley Ranch Gaming, LLC |
| 10002365 - 10001283<br>WELL FARGO BANK, N.A.<br>45 BROADWAY<br>14TH FLOOR<br>NEW YORK, NY 10006 | TYPE: CREDIT AGREEMENT<br>DATE: 16-FEB-07<br>NATURE OF INTEREST: Pledgor<br>REAL PROPERTY (Y/N): N<br>DESCRIPTION: First Lien Credit Agreement |
| 10002365 - 10001287<br>WELL FARGO BANK, N.A.<br>45 BROADWAY<br>14TH FLOOR<br>NEW YORK, NY 10006 | TYPE: CREDIT AGREEMENT<br>DATE: 16-FEB-07<br>NATURE OF INTEREST: Pledgor<br>REAL PROPERTY (Y/N): N<br>DESCRIPTION: Second Lien Credit Agreement |

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☐  Check this box if Debtor has no codebtors.

| NAME AND MAILING ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| 10002401 - 10001236<br>GREEN VALLEY RANCH GAMING, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002358- 10001224<br>WELLS FARGO AS ADMIN AGENT<br>45 BROADWAY<br>14TH FLOOR<br>NEW YORK, NY 10006 |
| 10002362 - 10001237<br>GCR GAMING, LLC<br>LARRY LINDHOLM<br>901 N. GREEN VALLEY PARKWAY, #210<br>HENDERSON, NV 89074 | 10002358- 10001224<br>WELLS FARGO AS ADMIN AGENT<br>45 BROADWAY<br>14TH FLOOR<br>NEW YORK, NY 10006 |
| 10002402 - 10001238<br>STATION CASINOS, INC., CHAPTER 11<br>DEBTOR, CASE # 09-52477-GWZ<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002370 - 10001239<br>BOULDER STATION, INC.<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002372 - 10001240<br>CHARLESTON STATION, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002373 - 10001241<br>FIESTA STATION, INC.<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002374 - 10001242<br>GOLD RUSH STATION, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |

# SCHEDULE H - CODEBTORS

| NAME AND MAILING ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| 10002375 - 10001243<br>LAKE MEAD STATION, INC.<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002376 - 10001244<br>MAGIC STAR STATION, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002377 - 10001245<br>PALACE STATION HOTEL & CASINO, INC.<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002378 - 10001246<br>PAST ENTERPRISES, INC.<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002379 - 10001247<br>RANCHO STATION, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002380 - 10001248<br>SANTE FE STATION, INC.<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002381 - 10001249<br>STATION HOLDINGS, INC.<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002382 - 10001250<br>SUNSET STATION, INC.<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002383 - 10001251<br>TEXAS STATION, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |

# SCHEDULE H - CODEBTORS

| NAME AND MAILING ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| 10002384 - 10001252<br>TROPICANA STATION, INC.<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002385 - 10001253<br>CENTERLINE HOLDINGS, LLC<br>(CASTAWAYS)<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002386 - 10001254<br>LML STATION, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002387 - 10001255<br>STATION CONSTRUCTION, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002388 - 10001256<br>STN AVIATION, INC.<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002389 - 10001257<br>FRESNO LAND ACQUISITIONS, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002390 - 10001258<br>SC BUTTE DEVELOPMENT, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002391 - 10001259<br>SC BUTTE MANAGEMENT, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002392 - 10001260<br>SC MADERA DEVELOPMENT, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |

## SCHEDULE H - CODEBTORS

| NAME AND MAILING ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| 10002393 - 10001261<br>SC MADERA MANAGEMENT, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002394 - 10001262<br>SC SONOMA DEVELOPMENT, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002395 - 10001263<br>SC SONOMA MANAGEMENT, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002396 - 10001264<br>SONOMA LAND HOLDINGS, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002397 - 10001265<br>STATION CALIFORNIA, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |
| 10002398 - 10001266<br>STATION DEVELOPMENT, LLC<br>1505 S. PAVILION CENTER DRIVE<br>LAS VEGAS, NV 89135 | 10002368- 10001225<br>DEUTSCHE BANK AS ADMIN AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005 |

In Re:   GV RANCH STATION, INC.                                              Case No.    BK-10-50381-gwz

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Senior Vice President and Treasurer of GV RANCH STATION, INC., named as Debtor in this case, declare under penalty that I have read the foregoing summary and schedules, consisting of 20 sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date:    February __, 2010

By: _____

Thomas M. Friel
Senior Vice President and Treasurer

1