| | |
|---|---|
| Paul S. Aronzon (CA State Bar No. 88781)<br>Thomas R. Kreller (CA State Bar No. 161922)<br>MILBANK, TWEED, HADLEY & McCLOY LLP<br>601 South Figueroa Street, 30th Floor<br>Los Angeles, California 90017<br>Telephone:    (213) 892-4000<br>Facsimile:     (213) 629-5063<br><br>Proposed Reorganization Counsel for the<br>Debtor and Debtor in Possession | Bruce T. Beesley (NV SBN 1164)<br>Laury Macauley (NV SBN 11413)<br>LEWIS and ROCA, LLP<br>50 West Liberty Street, Suite 410<br>Reno, Nevada 89501<br>Telephone:    (775) 823-2900<br>Facsimile:     (775) 823-2929<br>bbeesley@lrlaw.com; lmacauley@lrlaw.com<br><br>Proposed Local Reorganization Counsel for the<br>Debtor and Debtor in Possession |

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>GV RANCH STATION, INC.<br><br>☒ Affects this Debtor | Chapter 11<br><br>Case No. BK-10-50381;<br><br>**GV RANCH STATION, INC.'S PRELIMINARY RESPONSE AND RESERVATION OF RIGHTS RE: GCR GAMING, LLC'S MOTION: (1) TO DISMISS CHAPTER 11 CASE, (2) FOR RELIEF FROM STAY, OR (3) TO COMPEL REJECTION OF OPERATING AGREEMENT**<br><br>Hearing Date:    April 19, 2010<br>Hearing Time:    10:00 a.m.<br>Place:                300 Booth Street<br>                         Reno, NV 89509 |

**TO THE HONORABLE GREGG W. ZIVE, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE AND ALL PARTIES IN INTEREST:**

GV Ranch Station, Inc. ("GV Ranch" or the "Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case, hereby submits this Preliminary Response and Reservation Of Rights (the "Preliminary Response") in response to the motion (the "Motion") filed recently by GCR Gaming, LLC (the "Movant" or "GCR") to dismiss this chapter 11 case, for relief from stay to exercise applicable non-bankruptcy rights or to compel rejection of the Operating Agreement (as defined in the Motion) among Green Valley Ranch Gaming,

#4822-1078-8357v1

1  LLC ("Green Valley Ranch"), the Movant (as a member of Green Valley Ranch) and the Debtor
2  (as both a member and as the Manager of Green Valley Ranch).

3  The hearing on the Motion has been set for April 19, 2010. Under the Local
4  Bankruptcy Rules, oppositions to the Motion are due fourteen (14) days before that hearing.
5  Bankruptcy Code section 362(e)(1) provides, however, that the automatic stay will terminate if
6  there has been no notice, hearing and order with respect to a request for relief from stay within
7  thirty (30) days of the making of such request. In light of section 362(e)(1), it is not clear at this
8  time whether an earlier hearing date, and therefore an earlier opposition deadline, will become
9  necessary. Out of an abundance of caution and to make sure the Debtor is not prejudiced in the
10 event an earlier hearing is required, the Debtor hereby: (a) submits this Preliminary Response to
11 the Motion, and (b) expressly reserves all rights to file a comprehensive response to the Motion,
12 including full legal briefing and supporting evidentiary submissions, in connection with whatever
13 hearings may occur on the Motion.

14 The Motion is a scattershot collection of allegations and legal theories that the
15 Debtor will address comprehensively in its subsequent filings. For purposes of this Preliminary
16 Response, the Debtor will focus on the Movant's principal themes: (a) the Movant's allegations
17 that the Movant has recourse against the Debtor because the Debtor allegedly diverted business
18 away from Green Valley Ranch and to other Station properties; and (b) the Movant's assertions
19 that the Debtor's bankruptcy filing was in bad faith because it was done solely for the purpose of
20 preventing the Movant from exercising rights under the Operating Agreement. As discussed
21 below and as will be established unequivocally in the Debtor's subsequent filings and at the
22 evidentiary hearing on the Motion, both of these arguments fail because they are not only
23 unsubstantiated but also entirely false.
24 //
25 //
26 //
27 //
28 //

#4822-1078-8357v1                           -2-

A. **The Movant's Allegations of Diversion of Business by the Debtor Are Entirely Without Merit.**

The Debtor is a wholly-owned subsidiary of Station Casinos, Inc., a debtor in possession in its own chapter 11 case ("SCI").  As this Court is aware from the SCI case, SCI owns and/or operates a number of gaming and resort properties in the Las Vegas area.

The Debtor holds a 50% ownership interest in Green Valley Ranch.  In addition, the Operating Agreement contains provisions whereby the Debtor has contracted with Green Valley Ranch to provide comprehensive management services to that property.

The Motion alleges that the Debtor, in its capacity as manager of Green Valley Ranch, knowingly and intentionally took actions to divert high-stakes gamblers away from Green Valley Ranch and to "sabotage" Green Valley Ranch's marketing and promotional efforts, all for the benefit of other SCI-owned or operated properties.  These allegations are patently false.

Among other things, SCI and the Debtor will demonstrate, at the appropriate time, that a review of the operating performance of Green Valley Ranch and certain of the other SCI properties (including Red Rock Resort Casino & Spa ("Red Rock")) over the past several years provides no evidence of SCI or the Debtor causing the intentional migration of business away from Green Valley Ranch to other SCI properties.  The only migration of business that occurred was the ordinary and customary migration that takes place as players move among properties located in the same general market, including the migration of table-games players from other SCI properties *to* Green Valley Ranch.

SCI and the Debtor will demonstrate that it is common practice for table-games players at SCI properties to play at multiple SCI properties during any single year.  The evidence will make clear that, over the last three calendar years, the net financial effect of any such migration of table-games players between Green Valley Ranch and other SCI properties (including Red Rock) was insignificant—in both directions.   As a result, the other SCI properties did not benefit in any material way at the expense of Green Valley Ranch with respect to any such table games player migration.  In fact, Green Valley Ranch and Aliante Station

Casino Hotel (which is jointly owned by affiliates of the Debtor and the Movant) benefited significantly from the migration of customers and business from other SCI properties upon the opening of each property.

The other allegations contained in the Motion are similarly nonsensical and, in large measure, rise and fall on the word of a single person: Green Valley Ranch's disgruntled former General Manager Timothy Wright. Mr. Wright engaged in several documented and recorded instances of inappropriate conduct while employed as the General Manager at Green Valley Ranch. A preliminary review of his emails conducted after his termination also revealed deeply troubling personal and professional misconduct during his tenure at Green Valley Ranch. Moreover, the financial performance of Green Valley Ranch was poor during his tenure as the General Manager. The financial results of the business have also improved markedly under the leadership of his replacement—a highly successful general manager who was transferred by SCI from one of its "100% owned" casinos. After Wright was terminated in November of 2009, he attempted to extort SCI by threatening to go public with the false allegation that SCI encouraged the movement of "high-end" table-games players from Green Valley Ranch to Red Rock if SCI did not, among other things, agree to pay him an additional six months' severance in the amount of $162,500. In fact, SCI disputes that Mr. Wright is entitled to any severance. The Debtor declined to "payoff" Mr. Wright. The Debtor intends to present this evidence to the Court.

**B.    The Debtor's Chapter 11 Filing Was Not In Bad Faith.**

The Movant alleges that the Debtor's chapter 11 filing was in bad faith because it was done solely to prevent the Movant from exercising rights under the Operating Agreement. The Movant is not only incorrect, but is trying to ignore the economic realities surrounding Green Valley Ranch.

Green Valley Ranch is encumbered by liens securing debt in excess of $750 million. That secured debt is likely to be in default soon. The secured lenders to Green Valley Ranch are significantly undersecured, and a restructuring of Green Valley Ranch is both necessary and imminent. Certain of the Green Valley Ranch first and second lien lenders have organized separate groups to protect their respective interests, hired legal and financial advisors

and have begun discussions with the Debtor, Movant and SCI concerning a Green Valley Ranch restructuring.

In addition to the undisputed secured debt, SCI's prepetition lenders assert a guaranty claim of over $900 million against Green Valley Ranch as a purported guarantor of SCI's prepetition bank debt[1]. Certain creditors of Green Valley Ranch have also raised questions about the potential avoidability of a 2006 transaction in which Green Valley Ranch paid a distribution of approximately $285 million to each of Movant and Debtor. Finally, as a result of the imminent defaults under the Debtor's secured debt, the Debtor faces the risk of an attempt by its secured lenders to foreclose on the Debtor's equity interests in Green Valley Ranch. All of these issues further demonstrate the need for a restructuring of Green Valley Ranch—and the Debtor and its rights and obligations will be at the center of that process.

In light of the undeniable need for an overall Green Valley Ranch restructuring, including the need to address the potential litigation described above and the litigation threatened by the Movants, the Debtor had entirely valid reasons for filing its chapter 11 case. In addition, the Debtor's filing reflects the fact that the Operating Agreement represents a key asset of the Debtor that annually generated millions of dollars of management fees for the Debtor. Preserving and protecting that asset and the rights it bestows on the Debtor are more than sufficient reasons to justify the chapter 11 filing. In addition, Green Valley Ranch or its creditors may view the Operating Agreement and the management arrangements with the Debtor to be desirable, such that keeping the Operating Agreement in place as part of an overall Green Valley Ranch restructuring may prove to be beneficial to both the Debtor and Green Valley Ranch.

Unfortunately for the Movant, the economic reality surrounding Green Valley Ranch likely means that the Movant's equity interests in Green Valley Ranch are wiped out. The Debtor also understands that such a result may have serious negative tax consequences for the Movant's principals as well. Thus, the consequences facing the Movant and its principals from a restructuring of Green Valley Ranch also call into question the Movant's motives in filing the Motion and in making the unsubstantiated and reckless accusations contained therein.

---

[1] SCI and Green Valley Ranch dispute that claim and reserve all rights with respect thereto.

#4822-1078-8357v1                    -5-

As noted above, the Debtor has filed this Preliminary Response out of an abundance of caution due to uncertainty about the hearing schedule for the Motion. The Debtor fully intends, and hereby expressly reserves the right, to file a more detailed response, along with appropriate legal briefing and evidentiary submissions, in connection with whatever hearings occur on the Motion, as well as to conduct such discovery as may be appropriate in connection with resolution of the Motion.

Dated: February 26, 2010  Respectfully submitted,

By:    /s/ Paul S. Aronzon
Paul S. Aronzon, CA State Bar #88781
Thomas R. Kreller, CA State Bar #161922
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley, #1164
Laury Macauley, #11413
LEWIS AND ROCA LLP
50 W. Liberty Street, Ste. 410
Reno, NV   89501
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel
For Debtors and Debtors in Possession

#4822-1078-8357v1